IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick Jerome English, #301507 | ) | C/A No.: 1:16-166-JFA-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Tonja Alexander; Yvonne Wilkin Smith; Shirley Singleton; Levern Cohen; Christy Jinks; Virginia Robinson; and Valerie Jackson, | ) ) ) ) | REPORT AND RECOMMENDATION |
| | ) | |
| Defendants. | ) | |
| | ) | |

Roderick Jerome English ("Plaintiff"), proceeding pro se and in forma pauperis, is an inmate incarcerated at Ridgeland Correctional Institution ("RCI") of the South Carolina Department of Corrections ("SCDC"). He filed this action, which is construed as brought pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Plaintiff sues the following RCI employees: Tonja Alexander, Shirley Singleton, Christy Jinks, Virginia Robinson, Valerie Jackson, Yvonne Wilkin Smith, and Levern Cohen (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint in this case without prejudice and without issuance and service of process.

I.   Factual and Procedural Background

Plaintiff claims SCDC's mental health disciplinary treatment team asked Jinks, his mental health counselor, to make a recommendation related to his behavior. [ECF No. 1 at 3]. Plaintiff claims Jinks "reviewed [him] in her office twice once [he] received major disciplinary." *Id.* Plaintiff claims that he had missed doses of medication because he missed pill line, and that if he misses too many doses of medication his behavior changes. *Id.* at 3–4. Plaintiff appears to argue that Jinks did not adequately assist him and unreasonably deferred to the disciplinary treatment team by stating "whatever the disciplinary office decide that's what the sanction would be." *Id.* Plaintiff argues the counselor is supposed to defend him "in [his] mental health [and] she stated [he] was aware of [his] action." *Id.* Plaintiff alleges Jinks only met with him twice within two months. *Id.* He seeks injunctive relief, including a return of his good time credits. *Id.* at 5.

II.  Discussion

A.   Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31

(1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B. Analysis

    1. Medical Indifference

Plaintiff complains Jinks improperly made a recommendation concerning whether he should be sanctioned for a disciplinary offense. [ECF No. 1 at 3–4]. Deliberate indifference is a very high standard requiring more than a showing of mere negligence, *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976), and "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986); *see also Farmer v. Brennan*, 511 U.S. 825, 835–36 (1994) (providing greater explanation of the level of culpability required for deliberate indifference). The Fourth Circuit has noted

that treatment "must be so grossly incompetent, inadequate or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

Plaintiff provides insufficient factual information to establish that Jinks' alleged statement that Plaintiff was aware of his actions and her deference to the disciplinary office in determining a sanction was improper mental health treatment. [ECF No. 1 at 4]. Plaintiff's belief that Jinks should have met with him more than twice prior to making a recommendation does not constitute deliberate indifference to his serious medical needs. The Constitution requires that prisoners be provided with a certain minimum level of medical treatment, but it does not guarantee to a prisoner the treatment of his choice. *Thomas v. Anderson City Jail*, No. 6:10-3270-RMG-KFM, 2011 WL 442053, at *3 (D.S.C. Jan. 19, 2011); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988). Further, a disagreement as to the proper treatment does not in and of itself state a constitutional violation. *See Brown v. Thompson*, 868 F. Supp. 326, 331 (S.D. Ga. 1994) (finding that although the provision of medical care by prison officials is not discretionary, the type and amount of medical care is discretionary). Plaintiff's medical indifference claim is subject to summary dismissal.

To the extent Plaintiff also alleges a claim of negligence and medical malpractice [ECF No. 1 at 2], the law is well settled that a claim of negligence is not actionable under 42 U.S.C. § 1983. *See Daniels v. Williams*, 474 U.S. 327, 335–36 n. 3 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347–48 (1986); *Pink v. Lester*, 52 F.3d 73, 74 (4th Cir. 1995) (noting that *Daniels* bars an action under § 1983 for negligent conduct). Accordingly,

4

Plaintiff's negligence and medical malpractice claims are also subject to summary dismissal.

2. Disciplinary Conviction and Sanctions

Plaintiff alleges that he lost good time credits, but does not indicate what other sanctions he may have received. *Id.* at 5. To the extent that Plaintiff alleges his disciplinary conviction and sanctions violate his constitutional rights, his claim is not cognizable under § 1983.[1] Disciplinary proceedings that implicate a protected liberty interest demand due process. *See Wolff v. McDonnell*, 418 U.S. 539 (1974). However, a prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to a prisoner's claim for damages regarding loss of good time credits. *Id.* at 648 (holding that a "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"). While *Heck* does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affects credits toward release based on good

---

[1] To the extent Plaintiff seeks injunctive relief to restore his good time credits, his claims are more properly brought in a petition for a writ of habeas corpus. Habeas corpus is the exclusive federal remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Id.*

5

time served, *Heck* bars the § 1983 claim. *Muhammad v. Close*, 540 U.S. 749, 751 (2004). Plaintiff has not offered any evidence that his disciplinary conviction was overturned. Accordingly, Plaintiff's claim is barred by the holdings of *Heck* and *Edwards* and Defendants are entitled to summary dismissal of this claim.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends that the court dismiss this case without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 10, 2016                                                     Shiva V. Hodges
Columbia, South Carolina                                   United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).