IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Roderick Jerome English, #301507, | C/A No. 1:16-cv-166-JFA |
| Plaintiff, | |
| vs. | |
| Tonja Alexander; Yvonne Wilkin Smith, Shirley Singleton; Levern Cohen; Christy Jinks; Virginia Robinson; and Valerie Jackson, | **ORDER** |
| Defendants. | |

Roderick Jerome English ("Petitioner"), proceeding *pro se*, brings this civil action, which is construed pursuant to 42 U.S.C. § 1983, alleging violations to his Constitutional rights. ECF No. 1. Petitioner is a South Carolina Department of Corrections inmate incarcerated at the Ridgeland Correctional Institution. He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the case was referred to the Magistrate Judge for pretrial handling.[1] On February 10, 2016, the Magistrate Judge issued a Report and Recommendation ("Report") wherein she recommends that this Court dismiss the action without prejudice and without issuance and service of process. ECF No. 8. Petitioner filed an objection to the Report.[2] ECF No. 12. Thus, this matter is ripe for the Court's review.

The Court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in

---

[1] The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

[2] Though titled both as a "Motion to Reply Objects to Dismissal [sic]" as well as a "Memorandum in Support of his Motion for Summary Judgment," the Court will liberally construe both as an objection.

whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

Further, a *de novo* review of the Magistrate Judge's Report is unnecessary "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a proper objection, the court must "'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal citation omitted); *see also Thomas v. Arn*, 474 U.S. 140, 148–53 (1985).

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates those without a recitation.

In the matter before this Court, Petitioner fails to sufficiently identify any specific point of error in the Magistrate Judge's legal analysis. Rather, Petitioner includes only vague assertions such as that he gave defendant Jinks "notice of the reason the proposed revocation of his staff privileges," that he will "show proof of negligent medical malpractice 8th Amendment," and that defendants have "failed to establish gross negligence." *See generally* ECF No. 12, 12-1.

Additionally, Petitioner cites Georgia case law and the South Carolina Tort Claims Act. *Id*. These objections are clearly insufficient to require a *de novo* review of the Report by this Court.

Thus, after a careful review of the record, of the applicable law, and of the Report and the Objections thereto, this Court finds the Magistrate Judge's recommendation is proper. Accordingly, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge and hereby **DISMISSES** this action without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

March 29, 2016　　　　　　　　　　　　　　Joseph F. Anderson, Jr.
Columbia, South Carolina　　　　　　　　　United States District Judge